UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>TODD SHEFFLER,<br>WILLIE HEDDEN, and<br>ALEX BANTA,<br><br>Defendants. | Criminal No. 19-30067 |

### UNITED STATES' RESPONSE TO DEFENDANTS' OBJECTION TO THE COURT'S PROPOSED PETIT JURY SELECTION PROCESS

The United States of America, by Douglas J. Quivey, Acting United States Attorney for the Central District of Illinois, and Gregory M. Gilmore, Assistant United States Attorney, hereby responds to defendants' objection to the Court's proposed petit jury selection process, and states:

### Background

During a trial status hearing held on June 11, 2021, the Court informed the parties that the Court intended to call COVID-19 vaccinated jurors for *voir dire* examination from the prospective jury venire prior to calling unvaccinated jurors for examination.

In early 2020, life in the United States was altered due to the global pandemic of COVID-19. On March 18, 2020, Chief United States District Court Judge Darrow issued Amended General Order 20-01, IN RE: COVID-19 PUBLIC EMERGENCY, which, among other things closed the Springfield United States Courthouse to the public, and suspended all criminal jury trials within the

1

District. On March 23, 2021, Judge Darrow issued General Order 21-02, which in part states that "Jury trials may resume in all divisions beginning March 23, 2021. Jury trials will be conducted with safeguards the Court has enacted to maximize the health and safety of anyone participating in the proceedings." As of June 15, 2021, Johns Hopkins University reports that globally 176,370,454 individuals have been diagnosed with COVID-19 and 3,814,228 have died after contracting COVID-19. In the United States, 33,477,016 cases have been confirmed and over 600,000 people have died from COVID-19. https://coronavirus.jhu.edu  In order to combat the spread of COVID-19 and reduce the number of people dying from the virus, the Centers for Disease Control and Prevention ("CDC") has issued guidance including social distancing, wearing masks while indoors, frequent sanitation through the washing of hands, and using hand sanitizer. https://www.cdc.gov/coronavirus/2019-ncov/index.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2Findex.html  The strongest recommendation of the CDC is that individuals eligible to receive the COVID-19 vaccination get vaccinated. *Id.* ("Get Vaccinated! COVID-19 Vaccines are Widely Available")

On June 14, 2021, defendant Banta filed an objection to the Court's proposed jury selection process, said objection was joined by defendant Sheffler. (R.95, 96) The Court directed the United States to respond to the defendants' pleadings by 5:00 p.m. on June 15, 2021.

District Courts have broad discretion to conduct *voir dire*.  See *Rosales-Lopez v. United States*, 451 U.S. 182, 189 (1981); *United States v. Cardales*, 168 F.3d 548, 556 (1st Cir. 1999) (collecting cases).  A person's COVID-19 vaccine status affects his or her risk of contracting COVID-19 and of transmitting COVID-19 and, therefore, questioning a prospective juror about his or her vaccine status is no different from asking about other medical information that could affect jury service.  Accordingly, asking these questions falls firmly within a District Court's discretion.

Under certain circumstances, the fact that a prospective juror has not received the COVID-19 vaccine can be grounds for a District Court to excuse or exclude that juror "for cause."[1]

First, under 18 U.S.C. § 1866(c)(1), the Court may excuse a person summoned for jury service "upon a showing of undue hardship."  The statute defines "undue hardship" to include "any [] factor which the court determines to constitute an undue hardship or to create an extreme inconvenience to the juror."  *Id.* § 1869(j).  "All COVID-19 vaccines currently available in the United States are effective at preventing COVID-19," and the vaccines minimize the risk of getting "seriously ill" from any breakthrough infection.[2]  Thus, this Court may determine that an unvaccinated person's risk of contracting COVID-19 as a result of jury service constitutes an "undue hardship" based on, for

---

[1] *See generally* Wright & Miller, Selecting the Jury Panel, 2 Fed. Prac. & Proc. Crim. § 375 (4th ed.) (discussing "for cause" excusal of jurors and 18 U.S.C. § 1866(c)).

[2] *See* Centers for Disease Control and Prevention (CDC), *COVID-19 Vaccines Work* (updated April 7, 2021), *available at* https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html.

3

example, the incidence of COVID-19 in the community, whether the individual is at increased risk for severe illness,[3] the length of trial and number of people involved, and/or whether the trial can be conducted consistent with CDC Guidelines for gatherings involving unvaccinated individuals.[4] *Cf. United States v. Gonzalez-Soberal*, 109 F.3d 64, 68 (1st Cir. 1997) (affirming District Court's excusal of juror based on the District Court's assessment that continued jury service posed a "risk to the juror's health").

Second, under 18 U.S.C. § 1866(c)(2), the Court may exclude a prospective juror on the ground that "his service as a juror would be likely to disrupt the proceedings." The COVID-19 vaccine reduces the risk of people spreading COVID-19.[5] Accordingly, this Court may determine that an unvaccinated person's risk of transmitting COVID-19 to other people involved in the trial is "likely to disrupt the proceedings" based on, for example, the incidence of COVID-19 in the community, the length of trial and number of people involved, the participation of any other unvaccinated individuals,

---

[3] *See* CDC, *COVID-19: What We Know* (June 15, 2021), *available at* https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fully-vaccinated.html ("What We Know, COVID-19 vaccines are effective at preventing COVID-19 disease, especially severe illness and death" and COVID-19 vaccines reduce the risk of people spreading COVID-19.")

[4] For example, CDC Interim Public Health Recommendations permit fully vaccinated individuals to "visit with other fully vaccinated people indoors without wearing masks of physical distancing" and notes that "[i]ndoor visits or small gatherings likely represent minimal risk to fully vaccinated people." CDC, *Interim Public Health Recommendations for Fully Vaccinated People* (updated April 29, 2021), *available at* https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fully-vaccinated-guidance.html.

[5] CDC, *Science Brief: Background Rationale and Evidence for Public Health Recommendations for Fully Vaccinated People* (updated April 2, 2021), *available at* https://www.cdc.gov/coronavirus/2019-ncov/science/science-briefs/fully-vaccinated-people.html ("A growing body of evidence suggests that fully vaccinated people are less likely to have asymptomatic infection and potentially less likely to transmit SARS-CoV-2 to others.").

and/or whether the trial can be conducted consistent with CDC Guidelines for gatherings involving unvaccinated adults.

## Analysis

Excusing or excluding a prospective juror based on that person's COVID-19 vaccine status does not violate the Sixth Amendment. "The Sixth Amendment secures to criminal defendants the right to be tried by an impartial jury drawn from sources reflecting a fair cross section of the community." *Berghuis v. Smith*, 559 U.S. 314, 319 (2010) (emphasis added). In *Holland v. Illinois*, 493 U.S. 474, 480 (1990), the Supreme Court explained that the "fair-cross-section venire requirement . . . is derived from the transitional understanding of how an 'impartial jury' is assembled," and thus requires "a representative venire," not a representative petit jury. *Id.* at 480-481. And because the contemplated vaccine questions and related excusals would not affect the venire, questions and potential "for cause" excuse or exclusion based on vaccine status does not implicate the fair cross-section requirement.

Excusing or excluding a prospective juror based on that person's COVID-19 vaccine status also does not violate the Equal Protection Clause. "[A] defendant has the right to be tried by a jury whose members are selected pursuant to nondiscriminatory criteria." *Batson v. Kentucky*, 476 U.S. 79, 85-86 (1986). "Purposeful racial discrimination in the selection of the venire violates a defendant's right to equal protection," *Id.* at 86, as does "discrimination on account of race in selection of the petit jury," *Id.* at 88. It is

unlawful to exclude a petit juror "on account of race, color, religion, sex, national origin, or economic status."  28 U.S.C. § 1862.

In contending that this Court's proposed procedure violates the Sixth Amendment and right to a jury drawn from a representative fair cross-section of the community, the defendant states "the Court has imposed its own arbitrary filter into the selection process." (R.95 p.7) The defendant's characterization of this Court's proposed procedure as "arbitrary" is misplaced. The leading authority on preventing the further spread of the COVID-19 virus, the CDC, places the greatest emphasis on the COVID-19 vaccine.  While the defendant claims that unvaccinated potential jurors are a "distinctive group" as stated in *United States v. Raszkiewicz*, 169 F.3d 459 (7th Cir. 1999), his own pleading indicates that he is incorrect in that the second and third prong of *Raskiewicz* do not apply in this case. (R.95 p.9)  As noted in *Raszkiewicz*, to determine if a group is distinctive, the Court asks if there is a similarity of attitudes, beliefs, or experiences and if there is a community of interest among group members. *Id.* at 463.

The defendant does not provide evidence or even support that unvaccinated individuals have similar attitudes, beliefs, experiences nor a community of interest. In fact, the defendant acknowledges that studies have indicated that unvaccinated jurors are unvaccinated for a wide variety of different reasons (religious beliefs, underlying medical conditions, politically conservatives, African-Americans, women, economically disadvantaged, rural residents). (R.95 p.12-21)  Since the COVID-19 vaccine is effective at preventing

COVID-19 and also reduces the risk of transmission of COVID-19 to others, there are safety considerations at stake and the Court's proposed procedure is not "arbitrary."

In a perfect world the Court would not be dealing with the COVID-19 pandemic and issues regarding the vaccine and transmission would not exist—but we are not living in a perfect world and although the infection rate is declining, people in Central Illinois are still dying from COVID-19. The Court has broad discretion in conducting *voir dire,* and calling vaccinated jurors from the venire before calling unvaccinated jurors is not an arbitrary exercise nor does it deprive the defendants of a representative fair cross-section of the community. Accordingly, the government responds in opposition to the defendants' objection to the Court's proposed petit jury selection process.

            Respectfully submitted,

            DOUGLAS J. QUIVEY
            ACTING UNITED STATES ATTORNEY

            */s/ Gregory M. Gilmore*
            Gregory M. Gilmore, IL Bar No. 6217499
            Assistant United States Attorney
            United States Attorney's Office
            318 South 6th Street
            Springfield, IL 62701
            Telephone: 217/492-4450
            Email: greg.gilmore@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on June 15, 2021, I caused the foregoing to be filed with the Clerk of the Court using the CM/ECF system and will send notification to the counsel of record.

*/s/ Gregory M. Gilmore*
Assistant United States Attorney
United States Attorney's Office
