## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

TODD SHEFFLER,
WILLIE HEDDEN, and
ALEX BANTA

    Defendant.

No.: 19-CR-30067

---

## DEFENDANT BANTA'S RESPONSE TO DEFENDANT SHEFFLER MOTION TO SEVER
## AND
## DEFENDANT BANTA'S SUPPLEMENAL MOTION *IN LIMINE* 1-1

Defendant ALEX BANTA, by his attorneys, and for his Response to Defendant Sheffler's Motion to Sever (d/e ##88) and for his Supplemental Motion *In Limine* 1-1, states as follows:

1.    On January 6, 2021, Defendant Banta filed his Motion *In Limine* No. 1 (d/e #46).  This was a *Bruton* Motion directed to statements reportedly made by co-defendant Willie Hedden both in a text message and to correctional officer Tyler Koch, and which statement is alleged to have been related from Koch to correctional officer Shawn Volk   *See* Banta Motion *In Limine* No. 1 at paragraph

**FeldmanWasser**
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL  62705
217/544-3403

Page **1** of **8**

3A through 3C.   The *Bruton* motion was to bar/exclude statements made by co-defendant Willie Hedden, who has not yet pled guilty, which statements were inculpatory to Defendant Banta.

2.     In addition, Banta's Motion *In Limine* No. 1 also is addressed to a statement by correctional officer Kindel Kestner about a text message she received from co-defendant Hedden. *See* Banta's Motion *In Limine* No. 1, paragraph 3.D.  This also was a statement by Hedden that was inculpatory to Defendant Banta

3.     On March 19, 2021, co-Defendant Hedden pled guilty and his plea was accepted.   Hedden is expected to be called as a Government witness at trial.

4.     **Defendant Banta's Motion *In Limine* No. 1 Is Not Yet Moot**: Co-Defendant Sheffler's Motion To Sever (d/e #88) asserts that Defendant Banta's Motion *In Limine* No. 1 is "now moot.  But unless and until Hedden testifies at trial, the basis of Defendant Banta's Motion *In Limine* No. 1 is still valid.  For the Government should not be allowed to put in any statements by any witness that indicate that Hedden implicated Defendant Banta and then not call Hedden as a witness at trial, or call Hedden as a witness and limit the direct examination of Hedden such that Defendant Banta cannot cross-

examine Hedden about the text message or statements he made relative thereto.

5.     If the Court at some point deems that Defendant Banta's Motion *In Limine* No. 1 is moot, so as to open the door to testimony about the Hedden text message, then this will present the following evidentiary issues – discussed in the following paragraphs – for which testimony Defendant Banta, by this Motion *In Limine* No. 1-1, seeks to bar as being inadmissible.

6.     <u>Testimony By Officer Koch Regarding The Text Message Should Be Barred:</u>   As indicated in Defendant Banta's Motion *In Limine* No. 1, at paragraph 3B, the Government disclosed that correctional officer Tyler Koch said he was told by Hedden that he had sent a text message to officer Kendell Kestner that said "We may have killed somebody today".   This testimony by Koch should be barred as inadmissible hearsay.  Federal Rule of Evidence 801(d)(2) states that an opposing party's statement "offered against an opposing party" is not hearsay if made by that party.  Hedden is no longer a party standing trial.  Thus, the party admission exception to the hearsay rule does not apply for the statement is not being offered against Hedden.  Furthermore, this statement by Hedden would not qualify

**FeldmanWasser**
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL  62705
217/544-3403

for admission under the co-conspirator hearsay exception—Federal Rule of Evidence 801(d)(2)(E)—as the statement was not made by Hedden during the course of and in furtherance of the conspiracy as charged.[1] **Koch should be barred from giving this testimony.**

      7.   <u>Testimony By Officer Volk Regarding The Text Message Should Be Barred:</u> As indicated in Defendant Banta's Motion *In Limine* No. 1, at paragraph 3B, the Government disclosed that correctional officer Shawn Volk was told by Koch what the Hedden text message stated.  Any such testimony by Volk is inadmissible hearsay, and under the circumstances as noted in paragraph 5, this would be inadmissible double hearsay under Federal Rule of Evidence 805 (each statement in the chain must otherwise be admissible under an exception to the hearsay rule).  **Volk should be barred from testifying what Koch told him and, if Volk overheard what Hedden said, Volk should be barred from testifying about what Hedden said about the text message for the same reason that Koch should be barred from giving that testimony**.

---

[1] Defendant Banta notes that on June 1, 2020 he files his *Santiago* motion asking for disclosure of co-conspirator hearsay statements the Government intends to use at trial.  The Government has not responded to the motion nor has the Court ruled on the motion.

**FeldmanWasser**
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL  62705
217/544-3403

Page **4** of **8**

8. <u>Testimony By Officer Kestner Regarding The Text Message Should Be Barred:</u> As indicated in Defendant Banta's Motion *In Limine* No. 1, at paragraph 3D, the Government disclosed the grand jury testimony of Kendell Kestner about a text she says she received from Hedden. In addition, Kestner testified that she does not remember what Hedden's text message said but only speculates from her memory what she thinks the message said, saying that "perhaps the message said". (Kestner Grand Jury Testimony, pgs. 32-25). As with Koch and Volk, Kestner's testimony about the text message Hedden sent her is hearsay and not subject to any hearsay exception. Moreover, her testimony would, by her own admission, be speculation as she testified in the grand jury that she did not remember what the text message stated. Federal Rule of Evidence 602 requires personal knowledge of a matter before a witness is competent to testify about a matter. As stated by the Seventh Circuit, "the word 'knowledge' connotes more than subjective belief or unsupported speculation". **Kestner should be barred from testifying about what she thinks the Hedden text message said**.

FeldmanWasser
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL  62705
217/544-3403

Page **5** of 8

9.   <u>Certain Testimony By Officer Hedden About The Text Message Should Be Barred:</u>  The Government disclosed an FBI 302 Report of a cooperation interview by Hedden (Bates Nos. 7187-7191), in which report it is stated that Hedden stated that Hedden sent the following text to Kestner: " 'They're saying that Alex and I may have killed a guy today. Code 1R1' or words to that effect.' "  The "They're" is not identified by Hedden.  But in any event, Hedden's statement in the form of a text message to Kestner about what other are saying is inadmissible hearsay [Federal Rule of Evidence 801(c)(1)] and falls under no exception to the hearsay rules in the Federal Rules of Evidence.   Therefore, under Federal Rule of Evidence 803 this evidence is inadmissible. **Hedden should be barred from saying what other are saying.**

Wherefore, Defendant ALEX BANTA, prays that this Court, once it determines that Defendant Banta's Motion *In Limine* No. 1 is moot, so as to open the door to testimony about the Hedden text message, then the Court should grant Defendant Banta's Motion *In Limine* No. 1-1, stated above, and bar the testimony by Tyler Koch, Shawn Volk, Kendell Kestner, and Willie Hedden as prayed for in this Motion *In*

**FeldmanWasser**
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL  62705
217/544-3403

Page **6** of 8

*Limine* No. 1-1, and to order the Government to so inform these witnesses of the Court's order barring their testimony.

ALEX BANTA, Defendant,

By: /s/Stanley N. Wasser
   Stanley N. Wasser, #2947307
   One of His Attorneys
   FeldmanWasser
   1307 South Seventh Street
   Springfield, IL 62703
   217-544-3403
   swasser@feldman-wasser.com

**FeldmanWasser**
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL  62705

217/544-3403

Page **7** of 8

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 21, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Timothy A Bass          tim.bass@usdoj.gov

Eugene L. Miller        eugene.miller@usdoj.gov

William L Vig            bill@vig-law.com

Mark Wycoff             mark@wycofflaw.com

James Elmore            elmoreandreid@sbcglobal.net

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Not Applicable

By: /s/Stanley N. Wasser
Stanley N. Wasser, #2947307
One of His Attorneys
FeldmanWasser
1307 South Seventh Street
Springfield, IL 62703
217-544-3403
swasser@feldman-wasser.com

**FeldmanWasser**
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL  62705
217/544-3403

Page 8 of 8