# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 19-cr-30067 |
| | ) | |
| TODD SHEFFLER and | ) | |
| ALEX BANTA, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER RULING ON DEFENDANT BANTA'S PROPOSED VOIR DIRE QUESTIONS (d/e 87)

### Background

This matter is set for jury trial commencing Monday, August 9, 2021. U.S. Magistrate Tom Schanzle-Haskins will conduct jury selection on Thursday, August 5, 2021, at 9:00 a.m.  In preparation for jury selection, Defendant Banta has submitted multiple proposed voir dire questions (see d/e 87, Defendant Banta's Proposed Voir Dire Questions) which pursuant to Text Order entered June 2, 2021 by U.S. District Judge Richard Mills, Defendant Sheffler joins.  In the interest of clarity and efficiency, the Court is ruling in advance of the jury selection on the proposed voir dire questions submitted by the Defendants.  Judge Schanzle-Haskins' Prospective Juror Questions in Criminal Cases (Judge Schanzle-Haskins' Questions)  and

U.S. District Judge Sue Myerscough's Proposed Voir Dire Questions referenced in the Defendants' proposed voir dire questions are available on the website of the District Court for the Central District of Illinois under Local Rules and General Orders, Orders and Rules by Judge.  References to some of the questions on Judge Schanzle-Haskins' Questions  and Judge Myerscough's Proposed Voir Dire Questions will be included in this ruling on the Defendant's voir dire questions as set forth below.

The Government has filed a blanket objection (see d/e 121, <u>Government's Response to Defendant Banta's Propose Voir Dire Questions</u>) to Defendant Banta's Proposed Voir Questions (d/e 87).  As to the Government's objection, it is overruled with regard to Defendants' proposed voir dire questions which the Court states will be given as specified below in this order.

<u>Rulings on Defendant Banta's Proposed Voir Dire Questions (d/e 87)</u>

A. Defendants' Questions regarding COVID-19

The Defendants submit 19 questions regarding various aspects of the COVID-19 pandemic.  The Court takes precautions to ensure that the prospective jurors are not unnecessarily exposed to COVID-19.  In addition, the Court asks the prospective jurors if there is any reason they can't give their full attention to the case (Judge Schanzle-Haskins' Question

7).  A prospective juror may give an affirmative answer to this question if he or she has particular concerns regarding COVID-19.  The questions proposed by the Defendants over-emphasize the COVID-19 issues which have little, if anything, to do with the merits of this case.  Consequently, the Court will not ask the Defendants' COVID-19 questions 1-19.

B. Additional non-COVID-19 Questions

Question 1

With regard to Defendants' 1 concerning medical / physical conditions, the Court will ask Judge Schanzle-Haskins' Question 6 which asks the same question in a more general form.  The Court will not ask Defendants' 1 as it is unduly invasive as to particular medical issues of the prospective juror.  Judge Schanzle-Haskins will modify his Question 6 to state as follows:  (6)  Is there any member of the panel who has any special disability, such as a visual, hearing, or other medical problem or any other problem that would make serving as a member of this jury difficult or nearly impossible?

Question 2

The Court will ask Defendants' 2 in this manner:  Prior to appearing for jury duty in this case, did you know any of the other potential jurors here today?  Give details.

Question 3

The Court will introduce the parties in court who are involved in the case and court personnel.  In Judge Schanzle-Haskins Questions 15-19, the Court asks the prospective jurors their knowledge of the case, attorneys, persons at the counsel tables, and court personnel.  Those questions cover Defendants' 3.  The Court will ask those questions and will not ask Defendants' 3.

Question 4

The Court declines to ask Defendants' 4 because, as stated above, Judge Schanzle-Haskins' Questions 17, 18, and 19 cover these areas.  The Court does not refer to any of the law firms involved in the case.  Consequently, the Court will not ask the first paragraph of Defendants' 4.  Regarding the second paragraph of Defendants' 4, the Court will ask the following question:  Do you know anyone who works in a U.S. Attorney's Office?

As to the question on the top of page 11 regarding knowledge of the court personnel, Judge Schanzle-Haskins Question 19 will be asked and covers the same subject matter.  The Court will ask Judge Schanzle-Haskins' Question 19.

As to the second question on page 11, the Court asks in Judge Schanzle-Haskins' Question 18 whether the prospective jurors know any of the people seated at the counsel tables. The Court will announce the people seated at counsel tables, and consequently, will not ask the Defendants' second question on page 11.

Question 5

With regard to Defendants' 5, the Court reads the witness list and in Judge Schanzle-Haskins' Question 20, asks the prospective jurors about their knowledge of witnesses. Consequently, Defendants' 5 is unnecessary and will not be asked.

Question 6

The Court will ask Defendants' 6 in this manner: The events in this case occurred at Western Illinois Correctional Center. Do you know anyone who was, or is, employed or connected with Western Illinois Correctional Center in Mt. Sterling? If the prospective juror answers in the affirmative, the Court will follow-up on the question.

Question 7

With regard to Defendants' 7, the subject matter is covered by Judge Schanzle-Haskins' Questions 15 and 16. If any answer is affirmative, the

Court will ask appropriate follow-up questions. Defendants' 7 will not be asked.

Question 8

With regard to Defendants' 8, the Court will ask Judge Schanzle-Haskins' Questions 11 and 12 with the inclusion of the phrase "or close personal friend" included. If the answer is affirmative, the Court will ask appropriate follow-up questions. The Court will not ask Defendants' 8.

Question 9

With regard to Defendants' 9, the Court will ask Judge Schanzle-Haskins' Question 8 which sufficiently covers the issue and will ask appropriate follow-up questions. The Court will not ask Defendants' 9.

Question 10

With regard to Defendants' 10, the Court will ask Judge Schanzle-Haskins' Questions 10 and 12 and ask appropriate follow-up questions. The Court will not ask Defendants' 10.

Question 11

The Court will ask Defendants' 11 and follow-up in the event there are affirmative responses.

Question 12

With regard to Defendants' 12, the Court will add the word "witness" to Judge Schanzle-Haskins' Question 10 and ask regarding participation in a "legal proceeding" in lieu of the word "lawsuit".

Question 13

The Court will ask Defendants' 13 with appropriate follow-up questions.

Question 14

The Court will ask Defendants' 14 in lieu of Judge Schanzle-Haskins' Question 13.

Question 15

The Court will ask Defendants' 15 with the exception of the last question posed in 15 as that question is covered by Judge Schanzle-Haskins' Question 11.

Question 16

The Court will ask Defendants' 16.

Question 17

The Court will ask Defendants' 17.

Question 18

The Court will ask Defendants' 18.

Question 19

The Court will ask Defendants' 19 and appropriate follow-up questions.

Question 20

The Court will ask Defendants' 20 and appropriate follow-up questions.

Question 21

The Court will ask Defendants' 21 combined with Defendants' 20.

Question 22

With regard to Defendants' 22 and it's sub-parts on pages 24 and 25, the Court will ask the following: "There may be testimony in this case from persons who are employed as correctional officers and law enforcement officers. Is there any reason you would not be able to evaluate the testimony of any person employed as a correctional officer or law enforcement officer in the same manner that you evaluate the testimony of any other witness in this case?" The Court will not ask the remaining questions.

With regard to the last question submitted by the Defendants on page 24 and continued on page 25, in lieu of that question, the Court will ask the following: "There may be testimony in this case from persons who are, or

who have been, inmates in a prison. Is there any reason that you would not be able to evaluate the testimony of any person who is or was in prison in the same manner that you evaluate the testimony of any other witness in this case?" The Court will not ask the remaining sub-parts of this question.

The Court declines to ask the question at the bottom of page 25 as it is adequately covered by the previous questions and Judge Schanzle-Haskins' Question 27.

Question 23

The Court will not ask Defendants' 23 as it is overbroad and not sufficiently related to the issues in this case.

Question 24

The Court will not ask Defendants' 24 as it is overbroad and covers issues that are covered by other general voir dire questions asked by the Court. Potentially, it would cover a multitude of minor crimes which are irrelevant to this case.

Question 25

The Court will ask Defendants' 25.

Question 26

The Court will ask Defendants' 26.

Question 27

The Court will not ask Defendants' 27 as it is covered by Judge Schanzle-Haskins' Question 22.

Question 28

The Court will not ask Defendants' 28 as it is adequately covered by Judge Schanzle-Haskins' Question 28.

Question 29

The Court will not ask Defendants' 29 as it is covered by Judge Schanzle-Haskins' Questions 21 and 22.

Question 30

The Court will not ask the questions contained in Defendants' 30. The questions are overbroad and appear to be designed to present argument to the prospective jurors. In lieu of Defendants' 30, the Court will ask Judge Schanzle-Haskins' Question 29 in the following form: "Under the law of the United States, all people regardless of their race are entitled to equal treatment under the law. Do any of you have any problem with this concept?"

Question 31

The Court will not ask Defendants' 31 as it is overbroad and vague. This question is covered generally by questions contained in Judge Schanzle-Haskins' Questions.

Question 32

The Court will not ask Defendants' 32 as it is covered by Judge Schanzle-Haskins' Question 9.

Question 33

The Court will ask Defendants' 33, inserting the word "regularly", and appropriate follow-up questions.

Question 34

The Court will not ask Defendants' 34 as it is overbroad and general.

Question 35

The Court will not ask Defendants' 35.

Question 36

The Court will not ask Defendants' 36 as the Court instructs the prospective jurors not to consult outside media.

Question 37

In regard to Defendants' 37, these questions seek to question jurors regarding a variety of news stories "over the past year or so". Topics

include the Blue Lives Matter movement, the Defund the Police movement, news stories about police use of force, and books or publications regarding operation of jails or prisons.  The Court will not ask these questions.  The questions are broad in scope.  Extended discussion regarding these topics may suggest to prospective jurors that they may, or should, consider news stories on the topics suggested or, for that matter, other news stories in their consideration of a verdict in this case.  Jurors are instructed that they must base their decision on the evidence presented in the courtroom and the law provided by the Court.  The wide-ranging topics sought to be discussed in voir dire by defense counsel may suggest to prospective jurors that they should consider matters outside the evidence and law presented in court and, potentially, could interfere with the jurors decision and deliberations in this case.

Question 38

    The Court will not ask Defendants' 38 as the topic is covered by Judge Schanzle-Haskins' Question 7.

Question 39

    The Court will not ask Defendants' 39.  The subject matter is covered by Judge Schanzle-Haskins' Question 31.  The Court declines to question the prospective jurors about their religious or moral views or beliefs.

Question 40

The Court will not ask Defendants' 40.  The jurors are to decide the case based upon evidence presented in the courtroom and the laws provided by the Court.  Asking the prospective jurors their "opinion" during voir dire runs counter to the function of the jury and may confuse prospective jurors regarding their decisions and verdict in the case.

Question 41

The Court will not ask Defendants' 41.  The subject matter of the question is covered by Judge Schanzle-Haskins' Question 33.

Question 42

The Court will not ask Defendants' 42 as it is covered by Judge Schanzle-Haskins' Question 31.

Question 43

The Court will not ask Defendants 43 as it is covered by Judge Schanzle-Haskins' Question 5.

ENTERED:   July 30, 2021

___s/ *Tom Schanzle-Haskins*_____
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE